JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Jethro Hackworth | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 8:24-cv-00174-CJC-DFM |
| v. | |
| Blizzard Entertainment | **ORDER ON REQUEST TO PROCEED** *IN FORMA PAUPERIS* (NON-PRISONER CASE) |
| DEFENDANT(S) | |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it.  On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.       ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees.  This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

   ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
   ☒ The action is frivolous or malicious.
   ☒ The action fails to state a claim upon which relief may be granted.
   ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒WITHOUT PREJUDICE ☐WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

February 12, 2024
_____
Date

_____
United States District Judge

*Jethro Hackworth v. Blizzard Entertainment*

**SACV 24-00174-CJC-DFM**

**Order Re Request to Proceed Without Prepayment of Filing Fee**

## I.    INTRODUCTION & BACKGROUND

Plaintiff Jethro Hackworth, proceeding *pro se*, filed a Complaint against Blizzard Entertainment, together with an application to proceed without prepaying filing fees or costs.  (Dkts. 1, 2.)  The Complaint appears to be a 28-page PowerPoint presentation.  (Dkt. 1.)  The presentation is frequently cut off so that the Court cannot read all of the words on the page, and contains several placeholders for information to be included "when received by subpoena."  (*See, e.g.*, *id.* at 5 [containing apparently truncated sentence, "Noticing people had been tampering in my personal property such as electronics, one day I"]; *id.* at 7 ["Notepad goes here when received by subpoena"]; *id.* at 8 ["Transcript information goes here when received by subpoena"]; *id.* at 10 ["Body Camera video inserted here with audio whe"].)  In general, Plaintiff appears to allege that Defendant took an idea he had, either in the form of trade secret misappropriation or copyright infringement.  (*Id.* at 3.)

Plaintiff alleges, "The product Hard-Core World of Warcraft Servers was originally my, Jethro J. Hackworth's, design.  The intellectual property consisted of losing items upon death and different leveling attributes."  (*Id.* at 4.)  A later truncated slide, titled "Quest Designer Application," states, "The position was the Quest Designer. They could have just hired me and I would have given it to t."  (*Id.* at 19.)  In one truncated slide, he states that he "published the report into a book in 2021. This would be a clause for copyright whomev."  (*Id.* at 11.)  It appears that the copyright he asserts that he holds is in a book called "The Day the United States Betrayed Me."  (*Id.* at 12.)  A one-page excerpt from that book (page 12 of 47 of the book) is included in the Complaint.  (*Id.* at 9.)  It describes incidents while Plaintiff was "working at Bio-Rad" in which "[s]omeone broke [his] phone screen as [he] left it charging when [he] went to the bathroom," "cyber-attacks on [his] home devices," "DOS attacks which are meant to slow down or completely disconnect you from the network," hacks into his bank accounts, and a time when he "was drugged or some sort of chemical food tampering this day was

April 20ᵗʰ 2018 and they went to get food and brought back Brussel sprouts" with something inside them that made Plaintiff "feel awkward and a weird sensation in [his] feet and back/neck area causing [him] to feel some pain." (*Id.*)  Another slide concerns "When does Copyright become a federal crime?" (*Id.* at 14.)

A slide titled, "Reason for Federal Court," states, "The fact they felt the need to reject my application, and steal my intellectual property." (*Id.* at 21.)  Plaintiff requests $20 million based on the number of people who play World of Warcraft and the amount players pay for a monthly subscription.  (*Id.* at 22–28.)

## II.    LEGAL STANDARD

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (as amended) (per curiam) (internal quotation omitted). 28 U.S.C. § 1915(e)(2)(B) also directs that district courts "shall" dismiss an in forma pauperis civil action if the court determines that action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  Dismissal for failure to state a claim can be based on either the lack of a cognizable legal theory or the absence of factual support for such a theory.  *See Mediondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  A case is frivolous if it is "of little weight or importance: having no basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (quoting Webster's Third New International Dictionary 913 (1993)).

When reviewing a complaint to determine whether it states a viable claim, courts apply the same standard as when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) (citation omitted). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8"). *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013).  Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2).  Though Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 pleading standard

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing *Twombly*, 550 U.S. at 555); *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (holding even *pro se* pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").

In reviewing a complaint to determine if it states a claim, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (as amended) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  *Pro se* pleadings are liberally construed, *Erickson*, 551 U.S. at 94, but "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## III.  ANALYSIS

The Court has carefully reviewed the Complaint and finds that even when viewed liberally, it fails to state a claim upon which relief can be granted.  Plaintiff appears to assert that Defendant stole his ideas instead of legally obtaining them by hiring Plaintiff for a job, but he does not describe with sufficient specificity how or when Defendant allegedly came into possession of his ideas, trade secrets, or copyrighted material, or what alleged ideas—whether trade secrets or copyrighted material—Defendant took.  (*See* Compl. ¶¶ 19, 21.)  He appears to allege that Defendant infringed his copyright in a book in which he describes certain attacks on Plaintiff that occurred while Plaintiff was employed at Bio-Rad, but it is not clear how or where Defendant allegedly used any of Plaintiff's copyrighted material.  (Compl. ¶¶ 11–14.)

Further underscoring the frivolousness of Plaintiff's claims is the fact that he does not have standing to assert that Defendant committed any crimes.  (*See id.* at 14 ["When does Copyright become a federal crime?"].)  Criminal prosecution for

3

violation of federal laws "has been entrusted solely to the federal government." *Lin v. City of Perris*, 2020 WL 5289931, at \*5 (C.D. Cal. Apr. 17, 2020), *aff'd,* 2022 WL 2355507 (9th Cir. June 30, 2022) (dismissing with prejudice a plaintiff's asserted standalone claims for federal crimes "for lack of a private right of action"); *see also Cobb v. Brede*, 2012 WL 33242, at \*2 (N.D. Cal. Jan. 6, 2012), *aff'd,* 517 F. App'x 556 (9th Cir. 2013) (similar); *Hacker v. Hacker*, 2015 WL 8780561, at \*3 (E.D. Cal. Dec. 15, 2015), *report and recommendation adopted,* 2016 WL 4254108 (E.D. Cal. Aug. 12, 2016) (similar) (collecting cases).

Finally, even if Plaintiff asserted a proper basis for his claims, his Complaint provides no specific dates of any relevant events, no detail of any specific actions Defendant allegedly performed or failed to perform, and no discussion of how any of Defendant's actions caused Plaintiff the specific injury he allegedly suffered, or how his rights under the United States Constitution or a federal statute were violated. Instead, his Complaint consists of speculative and conclusory statements from which the Court cannot discern no plausible claim. The Complaint therefore fails to contain a plain intelligible statement of Plaintiff's claims and it would be impossible for Defendant to formulate an applicable defense. As such, the Complaint violates Rule 8 and fails to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

## IV.   CONCLUSION

Plaintiff's Complaint is frivolous and fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's IFP Request is **DENIED** and his Complaint is **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing a new case alleging plausible facts against Defendant with an appropriate legal basis. *See* 28 U.S.C. § 1915(e)(2)(B).